# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

STEVEN O. SCOTT,

      Petitioner,

v.                                              Case No. 8:15-cv-1290-T-36MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

      Steven O. Scott, a Florida inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Hillsborough County convictions. (Dkt. 1). Respondent filed a response and a supplemental response. (Dkts. 8, 21). Scott filed an amended reply and a supplemental reply. (Dkts. 14, 24). Upon review, the petition will be DENIED.

### Procedural History

      Scott entered open pleas of guilty in two Hillsborough County cases. In case 03-CF-004297, he was sentenced to 25 years in prison as a habitual felony offender for one count of trafficking in cocaine. (Dkt. 23, Ex. 3). In case 03-CF-003614, he was sentenced to 25 years in prison as a habitual felony offender for one count of delivery of cocaine and two counts of trafficking in cocaine, and to five years in prison for one count of possession of cocaine. (Dkt. 23, Ex. 2). The state appellate court *per curiam* affirmed. (Dkt. 23, Ex. 5). Scott's July 2013 motion to correct illegal sentence, filed under Florida Rule of Criminal Procedure 3.800(a), was denied. (Dkt. 23, Exs. 32 and 33). The state appellate court affirmed the denial of relief. (Dkt. 23, Ex. 37).

## Standard Of Review

Under the Antiterrorism and Effective Death Penalty Act, habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

## Discussion[1]

### Ground One

Scott alleges that his prior conviction for possession of cocaine was used to qualify him as a

---

[1] As Respondent contends, it appears that the petition is untimely with respect to the conviction entered in lower court case number 03-CF-004297. However, Respondent agrees that the petition appears timely with respect to the convictions entered in lower court case number 03-CF-003614. Accordingly, the Court will address the claims raised in Scott's petition. *See, e.g., Day v. McDonough*, 547 U.S. 198, 208-09 (2006) (agreeing with the argument that courts have discretion "to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition.").

habitual felony offender, resulting in enhanced sentences. He claims that, because Florida law does not allow a prior conviction for possession of cocaine to be used for enhancement, the state court violated "the mandatory language of their own state statute." (Dkt. 1, p. 3).

Scott's claim raises a question of state law. Therefore, it is not cognizable in this federal habeas proceeding. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief. In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures.") (citations omitted). *See also McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Accordingly, Ground One cannot provide federal habeas relief.

Ground Two

Scott contends that his convictions violate double jeopardy. He claims that he has received multiple punishments for possession of cocaine–first when he was convicted and sentenced for that offense in an earlier case, and again when it was used as a prior offense to qualify him as a habitual felony offender and enhance his current sentences. Scott argues:

> [W]hen the state trial court used petitioner's prior non-qualifying offense of possession of cocaine without authority to habitualize the petitioner the court was punishing him twice for that same crime and thereby placing him in jeopardy twice for his non-qualifying prior offense of possession of cocaine, a crime, that he was already punished for in the past.

(Dkt. 1, p. 7).

Scott raised this claim in his July 2013 motion to correct illegal sentence, filed under Florida Rule of Criminal Procedure 3.800(a). (Dkt. 23, Ex. 32). The state court denied the claim as not cognizable in a Rule 3.800(a) motion. (Dkt. 23, Ex. 33). In affirming the denial of relief, the state

appellate court cited *Tillman v. State*, 609 So.2d 1295 (Fla. 1992) and *Eutsey v. State*, 383 So.2d 219

(Fla. 1980) without elaboration. These decisions addressed § 775.084, Fla. Stat., which provides

extended prison terms for habitual felony offenders and habitual violent felony offenders. The Florida

Supreme Court rejected the claim that the statute violated double jeopardy by sentencing a defendant

as a habitual violent felony offender based on a prior violent felony, rather than the present nonviolent

felony. *Tillman*, 609 So.2d at 1298. And in rejecting a due process challenge to the statute, the

Florida Supreme Court stated:

> The purpose of the habitual offender act is to allow enhanced penalties for those
> defendants who meet objective guidelines indicating recidivism. The enhanced
> punishment, however, is only an incident to the last offense. The act does not create
> a new substantive offense. It merely prescribes a longer sentence for the subsequent
> offenses which triggers the operation of the act. The determination of whether one may
> be sentenced as an habitual offender is independent of the determination of guilt of the
> underlying substantive offense, and new findings of fact separate and distinct from the
> crime charged are required. Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962).

*Eutsey*, 383 So.2d at 223.

Scott does not show entitlement to relief.[2] The Double Jeopardy Clause "protects against a

second prosecution for the same offense after acquittal, against a second prosecution for the same

offense after conviction, and against multiple punishments for the same offense." *Justices of Boston*

*Mun. Ct. v. Lydon*, 466 U.S. 294, 306-07 (1984). Using a defendant's prior conviction to enhance

his sentence does not violate double jeopardy. *See Nichols v. United States*, 511 U.S. 738, 747

(1994) (enhancement statutes "do not change the penalty imposed for the earlier conviction," because

they "penaliz[e] only the last offense committed by the defendant." (citation omitted)); *United States*

---

[2] The state appellate court's decision is presumed to constitute a ruling on the merits. *See, e.g., Ford v. Sec'y, Dep't of Corr.*, 2018 WL 871455 at *3 (11th Cir. Feb. 14, 2018) (a state court opinion denying relief that cited another decision without further explanation was presumed to be an adjudication on the merits in the absence of any reason to believe it was more likely that the state court applied a procedural bar).

*v. Ortiz-Williams*, 221 Fed. App'x 913, 915 (11th Cir. 2007) ("It is well-established that sentencing enhancements for prior criminal conduct do not constitute multiple punishment for the prior offenses.") (citing *United States v. Fuentes*, 107 F.3d 1515, 1522 (11th Cir. 1997)). *United States v. Esquivel-Arellano*, 208 Fed. App'x 758, 762-63 (11th Cir. 2006) explains:

> Sentencing enhancements for prior criminal conduct . . . do not amount to a second punishment for purposes of the Double Jeopardy Clause. *See Monge v. California*, 524 U.S. 721, 727-34, 118 S.Ct. 2246, 2250-53, 141 L.Ed.2d 615 (1998) (concluding that the Double Jeopardy Clause does not apply in the non-capital sentencing context); *Witte v. United States*, 515 U.S. 389, 398-401, 115 S.Ct. 2199, 2205-07, 132 L.Ed.2d 351 (1995) (concluding that "consideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted"); *United States v. Carey,* 943 F.2d 44, 46-47 & n. 4 (11th Cir.1991) (explaining that, while "[e]nhancement of a sentence based on criminal conduct other than that underlying the instant conviction has the practical effect of penalizing the defendant for that conduct ..., it is not considered 'punishment' for that conduct in the double jeopardy context because the court is sentencing the defendant only for the instant offense, which is considered more serious because of the defendant's other criminal conduct").

Accordingly, Scott fails to show that he was punished twice for the same conduct in violation of the Double Jeopardy Clause. As he does not show that the state appellate court's denial of his claim was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of fact, Scott is not entitled to relief on Ground Two.

It is therefore **ORDERED** that:

1. Scott's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Scott and to close this case.

3. Scott is not entitled to a certificate of appealability ("COA"). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Scott

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Scott has not made this showing. Because Scott is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on March 28, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Steven O. Scott
Counsel of Record